# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-20100
Summary Calendar

ANNETTE LEWIS, Individually and as next friend of and as representative of the estate of Toddrick Deon Lewis, deceased,

Plaintiff-Appellant,

v.

PAULINE IGWE, d/b/a/ Human Services Center, and HARRIS COUNTY DEPARTMENT OF EDUCATION,

Defendants-Appellees.

Appeals from the United States District Court for the
Southern District of Texas
4:05-CV-03320

Before KING, DAVIS and CLEMENT, Circuit Judges..

PER CURIAM:[*]

Plaintiff, Annette Lewis, challenges the district court's order granting summary judgment to defendant in this § 1983 case. The district court agreed with and accepted the magistrate judge's recommendations, concluding that plaintiff failed to produce summary judgment evidence to allow a fact finder to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

find a causal link between a custom or policy of Harris County Department of Education (HCDE) and any violation of federal law suffered by plaintiff's son.

Plaintiff's 21-year-old son Toddrick Lewis was a special education student attending school at HCDE's ABC West campus in Houston, Texas. This is a school for mentally retarded and emotionally disturbed students. Toddrick grabbed a meat patty off the plate of another student, placed it whole in his mouth and began to choke. Several staff members responded by performing the Heimlich maneuver and made other efforts to dislodge the food from Toddrick's throat but, unfortunately, were unsuccessful, and he died.

We affirm the district court's judgment for the following reasons:

1. We agree with the magistrate judge and district court that appellant has failed to demonstrate a policy, practice, or custom enacted or known to the HCDE board that was causally related to Toddrick's injury and death.

2. The district court did not err in declining to consider plaintiff's supplemental evidence that was not tendered to the magistrate judge before her decision. Appellant never sufficiently explained her delay in obtaining and submitting this evidence. See Freeman v. County of Bexar, 142 F.3d 848 (5th Cir. 1998).

Therefore, for these reasons and those set forth in the careful November 2, 2006 Memorandum and Recommendation of the Magistrate Judge, we affirm the district court judgment.

AFFIRMED.